# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of North Dakota, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> The United States Department of the ) <br> Interior; Debra Ann Haaland, in her ) <br> official capacity as Secretary of Interior; ) <br> The Bureau of Land Management; Nada ) <br> Culver, in her official capacity as acting ) <br> Director of the Bureau of Land ) <br> Management; and John Melhoff, in his ) <br> official capacity as the acting Director of ) <br> the Montana-Dakotas Bureau of Land ) <br> Management, ) <br> ) <br> Defendants. ) | **ORDER GRANTING IN PART** <br> **MOTION FOR BRIEFING SCHEDULE** <br><br><br><br><br> Case No. 1:21-cv-148 |

Plaintiff initiated the above captioned action on July 7, 2021, asserting, among other things, that the United States Department of the Interior, Debra Ann Haaland, in her official capacity as Secretary of Interior, The Bureau of Land Management, Nada Culver, in her official capacity as acting Director of the Bureau of Land Management, and John Melhoff, in his official capacity as the acting Director of the Montana-Dakotas Bureau of Land Management (collectively "Defendants") violated the Administrative Procedure Act ("APA").  Now before the court is a Motion for Scheduling Order filed by Plaintiff on March 1, 2022.  Plaintiff is requesting that the court (1) set deadlines for the filing of the administrative record and related motions, and (2) establish a briefing schedule.  With respect to the briefing schedule, it proposes that the court employ an appellate style of review and set deadlines for it to file an opening brief, the opposing parties to file their responses, and it to file a reply. As support for this approach, it cites Olenhouse v. Commodity Credit Corp.,

42 F.3d. 1560, 1580 (10th cir. 1994).  There, the Tenth Circuit stated:

> Reviews of agency action in the district courts must be processed as appeals.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.  Motions to affirm and motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal.

Olenhouse, 42 F.3d. 1560, 1580.

The Center for Biological Diversity, Dakota Resource Council, Sierra Club, and Western Organization of Resource Councils (collectively "Intervenors") and Defendants filed their respective responses in partial opposition to Plaintiff's motion on March 15, 2022.  (Doc. Nos. 41, 52).  They agree that the issuance of a scheduling order would be appropriate.  However, they assert that, when resolving APA lawsuits, few courts have utilized the approach advocated by Plaintiff and that it would be more appropriate for this court in this case to utilize a summary judgment approach and establish a staggered briefing schedule that permits the parties to file cross-motions for summary judgment.  See e.g., Aleutian Cap. Partners, LLC v. Scalia, 975 F.3d 220, 229 (2d Cir. 2020) ("Where, as here, an APA -based challenge to an agency's action presents a pure question of law, a district court's procedural decision to award summary judgment is generally appropriate."); Girling Health Care, Inc. v . Shalala, 85 F.3d 211, 214–15 (5th Cir. 1996) ("The summary judgment procedure is particularly appropriate in cases in which the court is asked to review or enforce a decision of a federal administrative agency.").

In reply, Plaintiff asserts that it will be unduly prejudiced by the staggered briefing schedule proposed by Defendants and Intervenors as it would unnecessarily protract final resolution of this matter.  It further asserts that the appellate approach it has suggested will not deprive Defendants or Intervenors of any procedural or substantive rights.  Finally, it asserts that its proposed briefing schedule is the most efficient way of resolving this matter, particularly given the amount of briefing

that has already take place with respect to its motion for a writ of mandamus (that the court denied in an order dated January 14, 2022).

Having reviewed the parties' submissions, this court is inclined to employ a summary judgment approach in this case. First, as Plaintiff acknowledges, the briefing schedule is a matter generally left to the court's discretion. This court is not bound by Olenhouse and is therefore not required to process APA suits as appeals under the Federal Rules of Appellate Procedure. Second, courts in this circuit and others have routinely utilized a summary judgment approach in APA cases without any apparent issue. See e.g., Simmons v. Smith, 888 F.3d 994, 998 (8th Cir. 2018) (affirming district court's grant of summary judgment in APA case); S. Dakota v. U.S. Dep't of Interior, 487 F.3d 548, 551 (8th Cir. 2007) (same); S. Dakota v. U.S. Dep't of Interior, 423 F.3d 790, 794 (8th Cir. 2005) (same); Cent. S. Dakota Coop. Grazing Dist. v. Sec'y of U.S. Dep't of Agric., 266 F.3d 889, 892 (8th Cir. 2001) (same); Kakaygeesick v. Salazar, 389 F. App'x 580, at *1 (8th Cir. 2010) (same) Dale M. ex rel. Alice M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307, 237 F.3d 813, 816 (7th Cir. 2001) ("Cross-motions for summary judgment are the standard method for presenting a case to a district court for decision on the record compiled by the administrative tribunal that the court is reviewing."); City & Cnty. of San Francisco v. United States, 130 F.3d 873, 877 (9th Cir. 1997) ("In reviewing an administrative agency decision, summary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did.") (internal quotation marks omitted); Girling Health Care, Inc. v. Shalala, 85 F.3d 211, 214–15 (5th Cir. 1996) (observing that "[w]e have consistently upheld, without comment, the use of summary judgment as a mechanism for review of agency decisions" and distinguishing Olenhouse as "factually distinguishable and logically inapplicable" based on

3

specific facts of that case); United Food & Comm. Workers Union Loc. No. 663 v. U.S Dep't of Agric., 532 F.Supp.2d 741, 768-69 (D. Minn. 2021) ("In a challenge to an agency action under the APA, the dispute can usually be resolved on summary judgment because the entire case on review is question of law." (internal quotation marks omitted)); Se. Arkansas Hospice, Inc. v. Burwell, No. 2:13-CV-00134-KGB WL 11090408, at *3 (E.D. Ark. March 26, 2022), aff'd 815 F.3d 448 (8th Cir. 2016) ("Summary judgment thus serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." (citation omitted)); Dacotah Chapter of Sierra Club v. Jewell, No. 1:12-cv-00065, 2013 WL 12109410, at *4–5 (D.N.D. 2013) (granting summary judgment in challenge under APA standard of review)' see also Doc. No 41-2.  Third, a staggered briefing schedule with ensure that all parties in this action have a full and fair opportunity to brief all of the issues.  Fourth, although mindful of Plaintiff's concerns, this court is not persuaded that the employment of the summary judgment approach will unduly delay final resolution of this matter or otherwise unduly prejudice Plaintiff.  Accordingly, the court **GRANTS** Plaintiff's motion (Doc. No. 40) **IN PART** and **ORDERS**:

(1) Defendants shall prepare an administrative record for lodging and certification by no later than April 22, 2022.

(2) Plaintiff shall have until May 6, 2022, to file motions regarding the completion of the Administrative Record.

(3) Plaintiff shall have until May 23, 2022, to file a motion for judgment.

(4) Defendants and Intervenors shall have until June 20, 2022, to file responses to Plaintiff's motion and cross-motions for summary judgment.

(5)   Plaintiff shall have until July 11, 2022, to file response to Defendants' and Intervenors' motions and a reply in support of its motion.

(6)   Defendants and Intervenors shall have until July 25, 2022, to file replies in support of their motions.

Dated this 7th day of April, 2022.

<u>/s/ Clare R. Hochhalter</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court