# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| STATE OF NORTH DAKOTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES DEPARTMENT OF ) <br> INTERIOR; DEBRA ANN HAALAND, in her ) <br> official capacity as Secretary of Interior; THE ) <br> BUREAU OF LAND MANAGEMENT; <br> TRACY STONE MANNING, in her official <br> capacity as acting Director of the Bureau of <br> Land Management; and SONYA GERMANN, <br> in her official capacity as the Director of the <br> Montana-Dakotas Bureau of Land Management <br><br> Federal Defendants. <br><br> And <br><br> CENTER FOR BIOLOGICAL DIVERSITY; <br> SIERRA CLUB; WESTERN <br> ORGANIZATION OF RESOURCE <br> COUNCILS; and DAKOTA RESOURCE <br> COUNCIL, <br><br> Intervenor-Defendants | Lead Case No. 1:21-cv-00148 <br> (Consolidated Case No. 1:23-cv-00004) |

**THE STATE OF NORTH DAKOTA'S MOTION FOR EXTENSION OF TIME TO SUBMIT MOTION REGARDING NOVEMBER 6, 2024 STATUS CONFERENCE PROCEEDINGS**

The State of North Dakota ("State" or "North Dakota") respectfully submits this motion pursuant to D.N.D. Civ. L. R. 7.1(B) and (C), and requests an extension of time until January 17, 2025 to submit the motion discussed by the parties at the November 6, 2024 Status Conference ("Nov. 6 Status Conference"), as Ordered by the Court the same day. *See* ECF No. 168. For the reasons set forth below, good cause exists for this requested extension of time. Federal Defendants do not oppose a one-week extension of North Dakota's deadline to file a motion, but otherwise oppose this motion. Intervenor-Defendants oppose this motion.

A central dispute in this case since the Court's entry of the Preliminary Injunction (ECF No. 98) on March 27, 2023 has been whether the Federal Defendants have continued their "unlawful policy to disregard their statutory duty to appropriately plan for and complete their determination of whether nominated land was 'available' and 'eligible' on a timely, quarterly basis." *Id.* at ¶ 147. This has been discussed in past Status Reports and Status Conferences, often focusing on parcels that are "Pending Surface Management Agency ("SMA") Concurrence," culminating in the Nov. 6 Status Conference. During the Nov. 6 Status Conference, the Court directed Federal Defendants to provide North Dakota with updates on a list of high priority parcels by November 20, 2024, and for North Dakota to file a motion regarding Federal Defendants' progress in complying with the Preliminary Injunction by December 5, 2024. ECF No. 168.

Federal Defendants timely provided North Dakota an update on high priority parcels on November 20, 2024. However, on December 3, 2024, Federal Defendants provided North Dakota a separate significant update on the status of all National Fluid Lease Sale System ("NFLSS") nominations in the State, which update was not signaled by the Federal Defendants in their November 20, 2024 submission. This NFLSS data, which was provided in excel format, contains a significant amount of new data (over 1600 rows), and according the Federal Defendants

2

illustrates a significant reduction in the number of parcels "Pending SMA Concurrence" from what Federal Defendants have continuously reported to this Court, and North Dakota, in their regular Status Reports throughout the last year and a half after the entry of the Preliminary Injunction – which data was required by the Court so that the parties could assess Federal Defendants' compliance with the Preliminary Injunction. In fact, in their transmittal of the NFLSS data, Federal Defendants claimed that the number of parcels pending "SMA Concurrence" is now down to 90, a drastic departure from their recent Status Report to the Court on October 23, 2024, which attested that there were 391 parcels "Pending SMA Concurrence." ECF No. 164-1 at ¶ 7.

Given the expansive new disclosure provided by Federal Defendants on the eve of North Dakota's presumptive motion deadline, which data significantly departs from the information provided in their prior October 23, 2024 Status Report submission, it would be both premature and prejudicial to require North Dakota to file a motion on December 5, 2024. North Dakota necessarily requires additional time to analyze Federal Defendants' detailed December 3, 2024 disclosure, confer with Federal Defendants to clarify the data provided, and to incorporate that analysis of the new NFLSS data into any forthcoming motion. Further, this analysis, which must be conducted in part by North Dakota Industrial Commission agency officials, will now occur over the holiday season, which will be impacted by previously scheduled leave. Finally, requiring North Dakota to file its motion now is not in the interest of judicial efficiency, as a proper analysis of Federal Defendants' latest disclosure (and potential conferral on the same) is necessary to inform North Dakota's next steps.

For these reasons, good cause exists to extend North Dakota's motion deadline until January 17, 2025.

Dated:  December 4, 2024

        DREW H. WRIGLEY
        ATTORNEY GENERAL
        STATE OF NORTH DAKOTA


<u>/s/ *Paul M. Seby*</u>
Paul M. Seby
Special Assistant Attorney General
Greenberg Traurig, LLP
1144 15th St, Suite 3300
Denver, CO 80202
Phone: (303) 572-6584
Email: sebyp@gtlaw.com

Matthew Sagsveen
Assistant Attorney General
Director of Natural Resources and Indian Affairs
600 E. Boulevard Ave Dept. 125
Bismarck ND 58505
Phone: (701) 328-2595
Email:

COUNSEL FOR PLAINTIFF
STATE OF NORTH DAKOTA

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of December 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on the Federal Defendants.

*/s/ Paul Seby*
